# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE MAE NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-601-GKF-FHM |
| ) | |
| INDEPENDENT SCHOOL DISTRICT ) | |
| NO. 1 OF TULSA COUNTY, ) | |
| OKLAHOMA, and DEFENDANT'S ) | |
| INSURANCE CARRIER, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the Motion to Dismiss [Dkt. # 14] filed by defendant Tulsa School District.

Defendant filed its motion on October 9, 2009, seeking dismissal of all claims asserted by the plaintiff. [Dkt. # 14]. A response was due by October 27, 2009, but no response was filed. Pursuant to Local Civil Rule 7.2(f),[1] the court entered an Order on November 10, 2009, giving plaintiff an additional eleven days to file a response, or until November 21, 2009. As November 21, 2009, fell on a Saturday, the deadline was extended to the end of Monday, November 23, 2009, pursuant to Federal Rule of Civil Procedure 6(a)(3). No response was filed by this extended deadline. Today, on November 24, 2009, plaintiff belatedly filed a Response. [Dkt. # 18].[2]

The court finds and concludes the motion should be granted on the merits. Plaintiff was

---

[1] LCvR 7.2(f) provides, "If a dispositive motion is not opposed, the Court may in its discretion . . . provide an additional eleven days, after which the case will be dismissed or the motion will be deemed confessed, as appropriate . . . ."

[2] In her Response, plaintiff seeks an additional extension of thirty (30) days to file an amended response "[b]ecause of the Holiday Season(s)." The request is denied for lack of good cause shown, and because the plaintiff has had sufficient time to date in which to respond.

dismissed from her employment with defendant school district on October 11, 2004. Plaintiff filed a petition in Tulsa County District Court more than four years later, on April 30, 2009, asserting claims of wrongful discharge and illegal arrest. Following defendant's original motion to dismiss or alternative motion for summary judgment, plaintiff amended her petition on August 17, 2009, to include Title VII and constitutional claims, and on September 8, 2009, plaintiff again amended her petition to include a Section 1981 claim for violation of contract rights on account of race.

Defendant contends all of plaintiff's claims must be dismissed for the following reasons: as to plaintiff's Title VII claim, plaintiff has not exhausted her administrative remedies; the constitutional claims brought pursuant to 42 U.S.C. § 1983 are time-barred by the applicable two year statute of limitations; the Section 1981 claim is barred by the applicable four year statute of limitations; and plaintiff has not complied with the notice of tort claim requirements of the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 156, 157, in connection with her state law tort claims for wrongful discharge and illegal arrest.

The court has reviewed plaintiff's Response. Plaintiff merely asserts that the court has jurisdiction over the parties and the civil rights claims, and that Ms. Norman, who is black, was the only employee fired by the defendant, although the co-workers performed the same acts. Plaintiff has not challenged the grounds upon which defendant seeks dismissal. Upon review, the court finds and concludes defendant's motion should be granted.

WHEREFORE, defendant's Motion to Dismiss [Dkt. # 14] is granted.

IT IS SO ORDERED this 24th day of November, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma